```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **ABDULLAH ALBRIGHT,** | No. 17-cv-1916 (NLH) (JS) |
| Plaintiff, | |
| v. | OPINION |
| **WARDEN GERALDINE D. COHEN, et al.,** | |
| Defendants. | |

APPEARANCE:

Abdullah Albright, No. 239951
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Abdullah Albright, presently incarcerated at the Atlantic County Justice Facility (the "Facility") in Mays Landing, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against Warden Geraldine D. Cohen, Cheryle Deboise of Atlantic County Jail, Atlantic County Freeholder Dennis Levinson, Atlantic County Freeholder Frank Formica, and the State of New Jersey Risk Management. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend.  28 U.S.C. § 1915(e)(2)(b)(ii).

I.   BACKGROUND

Plaintiff challenges the conditions of confinement at the Atlantic County Justice Facility, which he generally describes as "hideous" and where he alleges he contracted chicken pox. ECF No. 1, Compl. at 4.  Plaintiff references that he "requested medical assistance to no avail."  Id.  In addition, he alleges that he is constantly being moved from one place to another within the facility, which he alleges is in retaliation for his refusal to "stay put" given the conditions of confinement at the facility.  Id.  He seeks compensation for contracting a contagious disease (chicken pox).  Id. at 5.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

    A. Failure to State a Claim as to Defendants Deboise, Levinson, Formica, and the State of New Jersey Risk Management

As to Defendants Deboise, Levinson, Formica, and the State of New Jersey Risk Management, Plaintiff has failed to allege any personal action upon which liability pursuant to § 1983 could be imputed. For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

3

defendant, through the official's own individual actions, has violated the Constitution.). There are no allegations as to personal involvement by these defendants.

As to Defendant State of New Jersey Risk Management Team, a state agency is not a person subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claim against this defendant also fails.

B. Claims Against Warden Cohen

Turning to Plaintiff's claims regarding his contraction of chicken pox and retaliation against Defendant Warden Cohen, these claims also fail as a matter of law.

Plaintiff asserts that he was retaliated against by constantly being moved from place to place within the Facility, which he asserts occurred because he refused to "stay put" under the conditions the facility enforces. "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Plaintiff's refusal to "stay put" has not been recognized as constitutionally protected conduct. As such, his claim for retaliation fails.

As to Plaintiff's claim regarding chicken pox and his request for medical assistance, Plaintiff has failed to allege personal involvement by Warden Cohen. Specifically, Plaintiff

4

has failed to allege that Warden Cohen was aware of any conditions in the Facility that would create an unreasonable risk of contracting chicken pox, that she failed to do anything to ameliorate that risk, that she knew Plaintiff requested medical assistance, or that she was somehow involved in preventing Plaintiff from receiving medical assistance. Thus, this claim fails as a matter of law for lack of personal involvement by Warden Cohen. See Iqbal, 556 U.S. at 676.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.


Dated: February 23, 2018                s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.